UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DELORIS A. CHAPMAN,

      Plaintiff,

v.                                Civil Action No. 2:10-00403

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objections to the proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Mary E. Stanley, entered March 10, 2011.

I.  Background

Plaintiff Deloris A. Chapman filed applications for supplemental security income and disability insurance benefits on March 24, 2006, alleging disability as of May 1, 2004, due to herniated disc, coronary artery disease, and breathing problems. A hearing was conducted on plaintiff's claim on July 16, 2007. The administrative law judge ("ALJ") continued the hearing so that plaintiff could undergo a consultative mental examination, and a supplemental hearing was held on February 4, 2008.  The ALJ

thereafter issued a decision, dated March 10, 2008, finding that plaintiff was not entitled to benefits.  The decision became final on January 28, 2010, after the Appeals Council denied plaintiff's request for review.

On March 28, 2010, plaintiff instituted this action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).  The sole issue before the court is whether the final decision of the Commissioner of the Social Security Administration denying plaintiff's claim for benefits is supported by substantial evidence.  See 45 U.S.C.A. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  The magistrate judge, in her findings and recommendation, concluded that the ALJ's decision was supported by substantial evidence, and recommended that the Commissioner's decision denying plaintiff benefits be affirmed.

Plaintiff's objections to the proposed findings and recommendation, filed March 25, 2011, reasserts two arguments that were both addressed by the magistrate judge in the PF&R: (1) the Commissioner did not address plaintiff's argument that the ALJ had a duty to recontact the plaintiff's "physician" if he felt the records and residual functional capacity were ambiguous; and (2) "[t]he meaning of the ALJ's hypothetical remains

2

undefined and therefore is inadequate and incomplete."  (Obj. at 1).  The Commissioner responded in opposition to plaintiff's objections on March 29, 2011.

## II.  Analysis

The court, having reviewed the record de novo, considers each of plaintiff's objections in turn.

## A.  Duty to Recontact Physician

Plaintiff's first objection is that the ALJ erred in his consideration of the opinion of one whom plaintiff describes as her "treating physician," Laure Marino (who is in reality a nurse practitioner).[1]  Specifically, she contends that Marino's opinion created a conflict in the record regarding her physical limitations, and that the ALJ had a duty to contact Marino to clear up this conflict pursuant to 20 C.F.R. § 404.1512(e)(1). That provision provides pertinently as follows:

---

[1]     As noted by the Commissioner, in the 3 places on the transcript where Marino has signed her name, she lists her credentials as "NP," (Tr. at 217, 263, 266), which is shorthand for nurse practitioner.  (Comm'r Br. at 3 n.1).  Dr. Nellhaus also lists Marino's credentials as "NP" at the top of his pulmonary consultation form.  (Tr. at 225).  And Marino is listed as a nurse practitioner on the website Healthline.com, available at http://www.healthline.com/doctors/family-practice-nurse-practitioner/laure-marino/181951 (last visited April 21, 2011).

(e) Recontacting medical sources.  When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision.  To obtain the information, we will take the following actions.

(1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

<u>Id.</u>

        The court agrees with the analysis of the magistrate judge -- which goes unaddressed in the plaintiff's objection -- upholding the ALJ's decision.  That analysis is worth quoting at length:

        The ALJ's reasons for rejecting the opinions of Ms. Marino on the above-referenced assessments are perfectly acceptable and in keeping with the applicable regulations.  First, as the Commissioner points out, Ms. Marino is a nurse practitioner[], and, therefore, is not a "medical source," but instead is considered an "other source" whose opinion <u>may</u> be considered by the Commissioner.  20 C.F.R. §§ 404.1513 and 416.913(d) (2008).  Furthermore, the ALJ gave good reasons for rejecting her opinions on both assessments.  As to

4

Claimant's physical limitations, Ms. Marino did not
provide accompanying treatment notes that supported her
opinion.   Whether the ALJ knew or not that the two
treatment notes were from Ms. Marino, they do not support
her extreme opinion on the assessment about Claimant's
physical limitations.   Furthermore, as the ALJ points
out, there is no other treating or other evidence
supporting such limitations.

Likewise, regarding Ms. Marino's opinion about
Claimant's mental limitations, Ms. Marino was not a
psychologist or psychiatrist and thus, the ALJ's
statement that her assessment was "out of [her] area of
expertise, given her primary speciality as a family
practitioner" is a logical one.

* * * *

Finally, the ALJ explained that the medical evidence
of record simply was not consistent with the limitations
opined by Ms. Marino.   (Tr. at 70.)

The ALJ's findings related to Ms. Marino's opinions
on both assessments are supported by substantial
evidence, and the court proposes that the presiding
District Judge so find.

(PF&R at 16-17).

Furthermore, as the Commissioner points out, the ALJ

has discretionary authority to "weigh all of the evidence" in

assessing whether a disability determination can be made based on

the evidence available, even if "inconsistent" evidence is

presented.   See 20 C.F.R. § 404.1527(c)(2).   The ALJ is only

required to seek additional or clarifying information from

medical sources when the information already in his possession,

whether conflicting or not, is inadequate to determine whether

the claimant is disabled.   See id. §§ 404.1512(e), 404.1527(c)(3)

("if after weighing the evidence we decide we cannot reach a conclusion about whether you are disabled, we will try to obtain additional evidence under the provisions of §[] 404.1512").  In view of the ALJ's apt conclusion that there was sufficient evidence to make a disability determination, he was not required to contact Marino for additional information or clarification.

Based upon the reasoning of the magistrate judge as well as the response of the Commissioner, the court concludes that plaintiff's first objection is without merit.

B.    Adequacy of ALJ's Hypothetical

Plaintiff's second objection is that the ALJ's hypothetical question to the vocational expert gave a vague and incomplete description of plaintiff's residual functional capacity.  (Obj. at 2).  The ALJ stated in his hypothetical that plaintiff had "moderate" limitations.  Plaintiff's objection is that this assessment "does not allow one to understand how often the claimant can interact appropriately with the general public, supervisors, or coworkers," and further contends that "[t]he mere fact that the [vocational expert] named jobs does not mean he or she understood the vague hypothetical."  (Obj. at 2).

The ALJ's hypothetical question and the vocational expert's answer stated as follows:

6

Q    Okay.  If you would, let's consider someone 48 to 51 years old.  Let's consider that they have a limited education.  Claimant's past training and work experience. Let's start off limiting the individual to light exertional work, standing and walking about six hours out of an eight-hour day, sitting six hours out of an eight-hour day, never climbing a ladder, scaffold, only occasionally climbing a ramp or stairs, occasionally balance, crouch, stoop, kneel and crawl, with the need to avoid concentrated exposure to temperature extremes, vibrations, smoke, fumes, odors, dust, pollutants and irritants as well as unprotected heights and hazards. Further assume the limitations that are at 17F, which is moderate limitations in the ability to understand and remember simple instructions, carry out simple instructions, the ability to make judgements on simple work-related decisions, understand and remember complex instructions, carry out complex instructions and the ability to make judgements on complex work-related decisions.  Now, moderate limitation is more than a [sic] slight, but the individual is still able to sit and function satisfactorily.  <u>And let's further assume that the individual has moderate limitations in the ability to interact appropriately with the general public, with supervisors and with coworkers as well as responding appropriately to usual work situations and to changes in a routine work situation</u>.  With those limitations, could you identify any jobs in the regional or national economy?

A    At the light level of exertion, unskilled office helper jobs exist.  Approximately 115,000 of these jobs exist nationally, 6,500 in the Tri-state region of West Virginia, Ohio and Kentucky.  Light, unskilled hand packing jobs exist.  Approximately 104,000 nationally, 6,300 in the region.  Sedentary, unskilled mail addressing jobs exist.  Approximately 59,000 nationally, 2,900 regionally.  Sedentary, unskilled assembly jobs exist.  Approximately 54,000 nationally and 4,800 in the region.

(Tr. at 20-22 (emphasis added)).

        Citing the foregoing passage, the magistrate judge concluded that "[t]he ALJ adequately defined 'moderate' within

7

his hypothetical question, and the vocational expert identified a significant number of jobs."  (PF&R at 18).  The court agrees.

Indeed, a review of the hearing transcript belies plaintiff's objection that the ALJ's hypothetical did not "allow one to understand how often the claimant can interact appropriately with the general public, supervisors, or coworkers."  (Obj. at 2).  As shown by the emphasized language in the above-quoted passage, the ALJ specifically asked the vocational expert to assume that the claimant had a limited ability to interact with others at the workplace.  (See Tr. at 21).  And the vocational expert's testimony indicates that she adequately understood and considered the nature of plaintiff's limitations in answering the ALJ's hypothetical.  (See Tr. at 24-25 ("Going down to moderate limitations in dealing with the public . . . I have ruled out any jobs that would require any kind of dealing with the public, because I believe that that would require good ability . . . And of course, in dealing with supervisors and coworkers, these are not jobs that would require extensive contact between supervisors and coworkers and would not involve like team types of oriented activities where you would have to function with another unit to accomplish a task.")).  Plaintiff's second objection to the PF&R thus is without merit.

In short, the magistrate judge did not err in recommending that the Commissioner's decision be upheld.

### III.  Conclusion

For the foregoing reasons, and having reviewed the record <u>de</u> <u>novo</u>, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation in their entirety.  The court accordingly ORDERS as follows:

1.    That plaintiff's motion for judgment on the pleadings be, and it hereby is, denied;

2.    That judgment be, and it hereby is, granted in favor of defendant; and

3.    That the final decision of the Commissioner be, and it hereby is, affirmed.

The Clerk is directed to forward certified copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: April 22, 2011

John T. Copenhaver, Jr.
United States District Judge